**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Dean Anthony FRIESE, Defendant–
Appellant.**

**United States of America,
Plaintiff–Appellee,**

v.

**Betty Jo Friese, Defendant–Appellant.**

**Nos. 07–30191, 07–30248.**

United States Court of Appeals,
Ninth Circuit.

Submitted March 3, 2008.*

Filed March 21, 2008.

Lori Harper Suek, Esq., Office of the U.S. Attorney, Billings, MT, for Plaintiff–Appellee.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Mark D. Meyer, Esq., Ugrin Alexander Zadick & Higgins, PC, Evangelo Arvanetes, Esq., Federal Defenders of Montana, Great Falls, MT, for Defendants–Appellants.

Before: FERNANDEZ and BEA, Circuit Judges, and EZRA **, District Judge.

MEMORANDUM ***

Dean Anthony Friese and Betty Jo Friese appeal their 144–month and 120–month sentences, respectively, for their convictions for conspiracy to distribute methamphetamine. Both sentences were approximately three years longer than that provided for by the high end of the applicable sentencing guideline range. The Frieses argue that their sentences are unreasonable, the district court failed to consider all of the factors set forth in 18 U.S.C. § 3553(a), and did not provide a sufficient statement of reasons for the sentences imposed. We affirm both sentences.

The proper standard of review is whether the district court abused its discretion in determining that the 18 U.S.C. § 3553(a) factors justified a variance outside of the sentencing guideline range, and in determining that the sentence imposed was reasonable. See Gall v. United States, —— U.S. ——, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007) ("Regardless of whether the sentence imposed is inside or outside the Guidelines range, the appellate court must review the sentence under an abuse-of-discretion standard.").

The record shows that the district court noted its obligation to impose a sentence in light of the 18 U.S.C. § 3553(a) factors and not only mentioned, but discussed, the Sentencing Guidelines range, the nature and circumstances of the offense, the history and characteristics of the Frieses, the need to protect the public, and what kind of sentence would provide sufficient deterrence. See Rita v. United States, —— U.S. ——, 127 S.Ct. 2456, 2468, 168 L.Ed.2d 203 (2007) ("The sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority."). The district court explained that because the Frieses showed a callous disregard for the safety of their three-year-old and five-year-old grandchildren by leaving large quantities of methamphetamine on the kitchen table of the family home, readily accessible to the grandchildren, the case was not the typical case contemplated by the guidelines. Although Betty Jo owned the family home, Dean Anthony visited often and was present in the home when the methamphetamine was easily accessible to the grandchildren.

Therefore, in light of the district court's careful consideration of the 18 U.S.C. § 3553(a) factors and the nature and circumstances of the criminal activity at issue, the sentences are not unreasonable and the district court did not abuse its discretion.

**AFFIRMED.**

** The Honorable David Alan Ezra, United States District Judge for the District of Hawaii, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.